### HARBOR v. FIRST NAT. LIFE INS. CO.*
### No. 16428.

Court of Appeal of Louisiana. Orleans.
June 22, 1936.

John J. Conners and Manuel I. Fisher, both of New Orleans, for appellant.

Normann & McMahon and Harold M. Rouchell, all of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, Harry Harbor, alleging that he became disabled as the result of an injury accidentally sustained and that, at the time of the accident and of the resulting dis- ability, there was in force a life and accident insurance policy which defendant corporation had issued to him, seeks judgment against the said defendant corporation for the amount set forth in the policy as payable to him during the period of disability. He also invokes the provisions of Act No. 310 of 1910, under which an insurance company guilty of delaying payments "unless upon just and reasonable grounds" is required to "pay to the assured, as a penalty, double the amount due under the terms of the policy * * * with attorney's fees to be determined by the tribunal before whom suit is instituted." Section 3.

Defendant insurance company admits that the policy was issued and that it was in force during the period alleged by plaintiff, and also admits that plaintiff sustained an accidental injury and that disability resulted, but denies that it is liable to plaintiff, contending that the accident resulted from a violation of law on the part of plaintiff, and that, consequently, there can be no recovery since the policy contains a provision to the effect that "disability * * * benefits will not be paid for * * * injuries sustained * * * resulting from violation of law. * * *"

The contention is based on the fact that the injury was caused by the accidental discharge of an automatic pistol with which plaintiff was equipped at the time. It is asserted that the said pistol was concealed upon his person, and from these facts it is argued that he was technically, at least, in violation of section 932 of the Revised Statutes of 1870, as amended by Act No. 107 of 1902, set forth in Dart's Criminal Code as article 1272, and as amended by Act No. 43 of 1906, set forth in Dart's Criminal Code as article 1274.

Plaintiff concedes that the injury resulted from the accidental discharge of the said pistol, but maintains that, nevertheless, there may be recovery for either or both of two reasons: First, he denies that the gun was concealed on his person, and he contends that, consequently, he was not in violation of the statutes referred to; and, second, he argues that, even if the said gun was concealed about his person, there was no causal connection between the said concealment and the ensuing explosion thereof, and that, therefore, even if he was in technical violation of the said laws, which he denies, it cannot be said that the injury "resulted" from the said concealment.

*Rehearing denied Oct. 5, 1936.

In the first city court there was judgment for defendant; the judge of that court apparently being of the opinion that the weapon was concealed, and that the injury could be said to have resulted from the said concealment or violation of the law. Plaintiff has appealed.

We shall first consider the question of law which is involved, viz., whether, as a matter of law, the mere carrying of a concealed weapon, where the bearer thereof makes no deliberate attempt to make use thereof and does not engage in any other act of violence in which the said weapon plays a part, is sufficient to bar recovery under a policy which deprives the assured of the right to recover for disability "resulting" from violation of law? It must be borne in mind that it is not the carrying of the weapon which is reprobated by law, but only the concealment thereof. Had the statute prohibited the mere carrying of a weapon, then it is obvious that there could have been causative connection between the carrying of the weapon and the ensuing discharge thereof and the injuries which resulted. But we find it hard to conceive of any connection between the concealment of the gun and the accident.

There is no law to which our attention is directed which prohibits the mere carrying of a weapon. Therefore, however dangerous it may have been for plaintiff to have accoutred himself with a large pistol and to have brandished it in the shops of that retail district of this city which persons of his race customarily frequent on Saturday nights, still he would not have been in violation of any law except that of self-preservation in so doing. There could have been no defense had the accident occurred under such circumstances. Where, then, is to be found here the causal connection which is implied by the use of the word "resulting," which is found in the quoted provision of the policy?

██ Our attention is directed to the case of Landry v. Independent National Life Ins. Co., 17 La.App. 10, 135 So. 110, in which we sustained the defense that the deceased had been killed as the result of a violation of law, but there we held that "there was causal connection between the act which constituted the violation of law and the death of deceased." In that case we cited Corpus Juris, volume 1, pp. 457–459, in which it is said that: "In order to relieve the insurer of liability the insured must have been actually engaged in a violation of law at the time of the injury, and the injury or death must be shown to have resulted from the act which is claimed to be unlawful, or at least to have had a causative connection therewith; but it is sufficient that the violation of law is a conditional or remote cause of the injury. * * *"

Counsel for defendant point to the words "it is sufficient that the violation of law is a conditional or remote cause of the injury," and argue that the facts in the case at bar show a remote connection between the violation of law and the accident. But, as we view that authority, it requires some causative connection, however slight, between the violation and the injury or death, and, as we have already said, we find none whatever between the concealment of the weapon which Harbor was carrying and the accident which caused his disability.

The Supreme Court of the United States in Travellers' Insurance Company v. Seaver, 19 Wall. 531, 22 L.Ed. 155, held that such provisions in policies are inserted because insurers realize that unusual dangers are usually associated with law violations, and that these unusual dangers do not menace other citizens who do not engage in such violations, and that, therefore, there should be no recovery where, as the result of some such danger as usually surrounds law violations, the insured, while violating the law, is injured.

This thought would have been applicable here had the plaintiff been injured by some one else, who might have suspected the presence of the concealed weapon, and who, possibly thinking his own safety in danger, might have attacked plaintiff. It might then have been said that there was causative connection, however slight, between the law violation, in other words, the concealment of the weapon, and the ensuing injury, but we fail to see the application of that principle to the facts here, where the concealment of the gun obviously had nothing to do with its accidental explosion.

Counsel for defendant admit that had plaintiff been struck by an automobile there would have been no connection whatever between the concealment of the weapon and the ensuing injury. Let us go a step further and assume that as a result of being frightened by an automobile the plaintiff had jumped from the path of the car and the concealed weapon had been jolted from his pocket and had fallen to the ground in-

juring him. Could it be said that there was causal connection between the concealment of the weapon and the injury? Certainly not, because the same result would have been sustained had the gun been located in an outside pocket of plaintiff and partially exposed to view. Let us go still another step further and assume that instead of being frightened by an automobile plaintiff, proceeding casually along his way, had, through carelessness, discharged the gun, surely it could not be said that there would have been causal connection between the fact that the gun might have been concealed and such an ensuing injury.

In Geddes & Moss Undertaking & Embalming Co. v. First National Life Ins. Company, 167 So. 881, 883, we considered a defense similar to that presented here and we held that there could be no recovery because of the fact that the injured party had been engaged in a violation of the law at the time he sustained the injury, but there the law violation consisted in the driving of an automobile while intoxicated, and we said that the misconduct of the assured, though possibly not "the sole cause of his death," should "preclude recovery under the clause in the policy relied upon by defendant," because the said misconduct "was a causative factor." We cited 6 Couch on Insurance, § 1236, p. 4512. This holding, though we permitted the defendant to escape liability under a defense such as that presented here, is not authority for the view that there need be no causal connection between the law violation and the ensuing injury. Rather the contrary.

In Supreme Lodge, Knights of Pythias, v. Beck, 181 U.S. 49, 55, 21 S.Ct. 532, 534, 45 L.Ed. 741, the Supreme Court of the United States said that, in order that such a stipulation be available as a defense, "The death must in some way come as a consequence of the violation or attempted violation of the criminal law, and the stipulation does not apply when it is simply contemporaneous and in no manner connected with the alleged violation or attempt to violate."

Counsel for defendant, with most commendable industry, have prepared a supplemental brief in which they state that they have attempted to call to our attention the comments of every reputable text-writer and the decisions of all courts which have discussed or have referred to the relationship of cause and effect between the unlawful carrying of a concealed weapon and an ensuing accidental injury caused by the said weapon. They maintain that a review of those text-writers and of those cases will convince us that even when there is the slightest causal connection the defense should prevail. Strangely enough, all of the text-writers to whom counsel call our attention express views antagonistic to the contention of defendant, and all of the said text-writers are cited not as authority for the view of defendant, but rather are set up as "straw men" in order that, by argument, they may be overthrown.

Couch, an outstanding authority, in his Cyclopedia of Insurance Law (9th Ed.) pp. 4515–4517, § 1236, says: "Applying the general rule that there must be more than a bare violation of law, the following violations of law have been held not to have established a sufficient causative connection: * * * carrying a concealed weapon. * * *"

Counsel for defendant state that this view that in no case can there be causal connection between the unlawful carrying of a concealed weapon and the ensuing accidental discharge thereof is not supported by any of the cases cited by Mr. Couch, and they say that the said cases do not "justify the inference that under no circumstances can the violation of law clause of an insurance policy be invoked where the violation of law is that of carrying a concealed weapon."

Cooley in Briefs on Insurance (2d Ed.) p. 5216, states that: "To defeat a recovery on a life insurance policy on the ground that at the time of his death the insured was carrying a concealed weapon in violation of the statute, it must be shown not only that the offense was being committed, but, further that it brought about the death of the insured."

Counsel for defendant contend that even this rule is too broadly stated and is not supported to its full extent by the cases cited by Mr. Cooley.

They next call our attention to Vance on Insurance (2d Ed.) pp. 816, 817, in which is found the following: "* * * Likewise it has been held that death suffered by the insured * * * in a fight while carrying a deadly weapon concealed on his person contrary to the provisions of an penal statute, was not proximately caused by known violation so as to be within the exception."

And again they state that the cases on which Mr. Vance relies do not fully sustain the rule which he sets forth.

■ But a reading of all of the remarks made on the subject by all of the text-writers to whom we have referred and of all of the cases cited in the briefs, and particularly of the cases cited in the supplemental brief of defendant, convinces us that even if the text-writers do state the rule too broadly, nevertheless, the cases, practically without exception, require that, in order that the defense, here relied on, prevail, there must be some causal connection, however slight, between the law violation and the injury, and we feel, as we have said, that here there was not even the slightest connection between the violation of law, that is to say, the concealment upon which defendant relies, and the injury which forms the basis of plaintiff's claim.

It follows that there must be judgment for plaintiff for the amount set forth in the policy, to wit, $5 per week for 50 weeks.

■ We conclude, however, that the attorney's fee and the penalty provided for by Act No. 310 of 1910 should not be awarded. There were "just and reasonable grounds" for defendant's refusal to amicably settle this claim.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that there now be judgment in favor of Harry Harbor and against the defendant, First National Life Insurance Company, in the sum of $250, with legal interest from February 22, 1935, until paid, and for all costs.

Reversed.